UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

PAUL PAJERSKY,

                Plaintiff,

v.                                            **DECISION AND ORDER**
                                                    04-CV-454S

JOANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

      1.      Plaintiff Paul Pajersky challenges an Administrative Law Judge's ("ALJ") determination that he is not disabled within the meaning of the Social Security Act ("the Act"). Plaintiff alleges that he became disabled in 1997, due to hypertension, loss of sight in his right eye, delayed stress syndrome, bilateral knee pain, and sleep apnea.[1] Plaintiff contends that these impairments, which were possibly caused and are at least complicated by his morbid obesity, render him unable to work. He therefore asserts that he is entitled to payment of disability benefits under the Act.

      2.      Plaintiff filed an application for disability insurance benefits on June 20, 2000. His application was denied initially and on reconsideration. Plaintiff then requested a hearing before an ALJ. On December 16, 2003, Plaintiff and his representative appeared before an ALJ for a hearing at which Plaintiff testified. The ALJ considered the case *de novo*, and on January 23, 2004, issued a decision denying Plaintiff's application for benefits. On April 20, 2004, the Appeals Council denied Plaintiff's request for review. Plaintiff filed the current civil action on June 17, 2004, challenging Defendant's final

---

[1] The ALJ also considered Plaintiff's more recent diagnosis of diabetes mellitus and gastroesophageal reflux disease. (R. at 14, 21.)

1

decision.[2]

3. On January 10, 2005, both Plaintiff and Defendant filed Cross Motions for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. After full briefing, this Court deemed oral argument unnecessary and took the motions under advisement as of March 2, 2005.

4. A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. See 42 U.S.C. §§ 405(g), 1383(c)(3); Wagner v. Sec'y of Health and Human Servs., 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if it is not supported by substantial evidence or there has been a legal error. See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979). Substantial evidence is evidence that amounts to "more than a mere scintilla." Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971). The term substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982).

5. "To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams on Behalf of Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the

---

[2]The ALJ's January 23, 2004 decision became the Commissioner's final decision in this case when the Appeals Council denied Plaintiff's request for review.

Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]."  Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992).

In other words, this Court must afford the Commissioner's determination considerable deference, and will not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." Valente v. Sec'y of Health and Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

6.   The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled as defined under the Social Security Act. See 20 C.F.R. § § 404.1520, 416.920.  The United States Supreme Court recognized the validity of this analysis in Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987), and it remains the proper approach for analyzing whether a claimant is disabled.

7.   This five-step process is detailed below:

First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity.  If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities.  If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations.  If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity.  Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work.  Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the

3

claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam) (quotations in original); see also Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999); 20 C.F.R. § 404.1520.

8. While the claimant has the burden of proof as to the first four steps, the Commissioner has the burden of proof on the fifth and final step. See Bowen, 482 U.S. at 146 n.5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984). The final step of this inquiry is, in turn, divided into two parts. First, the Commissioner must assess the claimant's job qualifications by considering his physical ability, age, education and work experience. Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform. See 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1520(f); Heckler v. Campbell, 461 U.S. 458, 460, 103 S. Ct. 1952, 1954, 76 L. Ed. 2d 66 (1983).

9. In this case, the ALJ made the following findings with regard to the five-step process set forth above: (1) Plaintiff has not engaged in substantial gainful activity since 1997 (R. at 21);[3] (2) Plaintiff's bilateral knee pain, hypertension, right eye vision loss, and more recent diagnosis of diabetes mellitus and gastroesophageal reflux disease are "severe" within the meaning of the Act (R. at 12, 18); (3) Plaintiff's impairments do not meet the criteria necessary for finding a disabling impairment under the regulations (R. at 12, 18); (4) Plaintiff retained the residual functional capacity to perform a significant range of sedentary work[4] (R. at 22); and (5) Plaintiff has no past relevant work experience, but

---

[3] Citations to the underlying administrative record are designated as "R."

[4] The full range of sedentary work requires that an individual be able to stand and walk for a total of approximately two hours, as well as sit approximately a total of six hours, during an eight-hour work day. See SSR 96-9p; 20 C.F.R. § 416.967 (a). "Sedentary work also involves lifting no more than ten

4

based on his age, education, and transferrable skill set, Plaintiff is capable of performing a significant range of sedentary work, particularly in the computer systems programmer and computer help desk operator fields. (R. at 22).

10.     After carefully examining the administrative record, this Court finds that substantial evidence supports the ALJ's decision in this case.  Specifically, the medical evidence and opinions contained in the record, in conjunction with Plaintiff's and the vocational expert's testimony, support the ALJ's determination.  Moreover, the ALJ thoroughly examined the record, giving appropriate weight to all of the medical evidence. (R. at 13-22.)

11.     Plaintiff's only challenge to the ALJ's decision is that the ALJ failed to consider the opinion of one of his treating physicians, Dr. Stephen A. Chris, a Senior Staff Psychologist at the Buffalo State College Counseling Center.  In this regard, Plaintiff contends that the ALJ failed to properly apply the treating physician rule because he did not discuss Dr. Chris's opinion at all in his decision.  Indeed, a discussion of Dr. Chris's opinion is found nowhere in the ALJ's decision.

12.     According to the "treating physician rule,"[5] the ALJ must give controlling weight to the treating physician's opinion when the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the

---

pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools." See 20 C.F.R. § 416.967(a).  Here, the ALJ found that Plaintiff retained the residual functional capacity to sit for 6 hours, stand and/or walk for 2 hours and lift and carry 10 pounds. (R. at 22.)  The ALJ further found that Plaintiff could occasionally climb, balance, and crouch, but must avoid exposure to unprotected heights and hazardous machinery. (R. at 22.)

[5] "The 'treating physician's rule' is a series of regulations set forth by the Commissioner in 20 C.F.R. § 404.1527 detailing the weight to be accorded a treating physician's opinion." de Roman v. Barnhart, No. 03-Civ.0075(RCC)(AJP), 2003 WL 21511160, at *9 (S.D.N.Y. July 2, 2003).

other substantial evidence in [the] record." 20 C.F.R. § 404.1527(d)(2); see also Green-Younger v. Barnhart, No. 02-6133, 2003 WL 21545097, at *6 (2d Cir. July 10, 2003); Shaw v. Chater, 221 F.3d 126, 134 (2d Cir. 2000).

13. Even if a treating physician's opinion is deemed not to be deserving of controlling weight, an ALJ may nonetheless give it "extra weight" under certain circumstances. Under 20 C.F.R. § 404.1527(d)(1)-(6), the ALJ should consider the following factors when determining the proper weight to afford the treating physician's opinion if it is not entitled to controlling weight: (1) length of the treatment relationship and the frequency of examination, (2) nature and extent of the treatment relationship, (3) supportability of opinion, (3) consistency, (4) specialization of treating physician, and (5) other factors that are brought to the attention of the court. See de Roman, 2003 WL 21511160, at *9 (citing 20 C.F.R. § 404.1527(d)(2)); see also Shaw, 221 F.3d at 134; Clark v. Comm'r of Soc. Sec., 143 F.3d 115, 118 (2d Cir. 1998).

14. Dr. Chris's report is contained in the record. (R. at 235-238.) Conspicuously noted in bold print at the beginning of the report is the following disclaimer:

> I write this report in the context of the primary mission of our Counseling Center: the support, education and advocacy for our students' personal and academic success. We do not provide clinical-diagnostic services and are not able to provide comprehensive assessments regarding determinations of disability.

(R. at 237.)

Dr. Chris's report then goes on to detail his opinion that Plaintiff "will face insurmountable challenges if he is required to obtain unsupported employment" due to his obesity, cardiovascular health concerns, and social anxieties. (R. at 238.)

6

15. Having reviewed the evidence at issue, this Court detects no reversible error in the ALJ's failure to include a discussion of Dr. Chris's report in his decision. First, even assuming that Dr. Chris is a treating physician within the meaning of the regulations, his opinion is not supported by any medically acceptable clinical or laboratory diagnostic techniques, and is inconsistent with other substantial evidence in the record. See 20 C.F.R. § 404.1527(d)(2). It is therefore not entitled to controlling weight. Second, the disclaimer included in Dr. Chris's report minimizes its evidentiary value since it is not intended to be a clinical or diagnostic report. (R. at 237.) Moreover, the report is not intended to provide a comprehensive assessment of disability. (R. at 237.) Accordingly, Dr. Chris's report is not due any extra weight either. Finally, to the extent Dr. Chris's opinion can be read as concluding that Plaintiff is disabled and therefore unable to work, it is well-settled that this is a determination reserved to the Commissioner, not a treating physician. See 20 C.F.R. § 404.1527 (conclusory statements made by doctors are not controlling because it is the Commissioner's task to determine whether an individual is disabled within the meaning of the Act).

16. While the ALJ should have explained the weight, if any, that he afforded Dr. Chris's opinion, this Court finds no reversible error in the ALJ's overall weighing of the evidence presented, and finds that substantial evidence of record supports his decision. For the reasons discussed above, this Court finds that Dr. Chris's opinion is simply not instructive on the issue of whether Plaintiff is disabled within the meaning of the Act. Accordingly, finding no reversible error and further finding that substantial evidence supports the ALJ's decision, Defendant's Motion for Judgment on the Pleadings is granted. Plaintiff's motion seeking the same relief is denied.

IT HEREBY IS ORDERED, that Defendant's Motion for Judgment on the Pleadings (Docket No. 8) is GRANTED.

FURTHER, that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 10) is DENIED.

FURTHER, that the Clerk of the Court is directed to take the necessary steps to close this case.

SO ORDERED.

Dated: September 6, 2005
       Buffalo, New York

                                                      /s/William M. Skretny
                                                      WILLIAM M. SKRETNY
                                                      United States District Judge